IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FELICIA LENORE WATSON,

   Plaintiff,

   v.

LONG SHENG,

   Defendant.

CIVIL ACTION FILE NO.

1:18-cv-04681-ODE-CMS

## **FINAL REPORT AND RECOMMENDATION**
## **AND ORDER**

This matter is before the Court on Plaintiff Felicia Lenore Watson's ("Plaintiff's) affidavit of indigency, request to proceed *in forma pauperis* ("IFP"), and proposed petition for a declaratory judgment with supplemental jurisdiction over all state court eviction claims.  (Docs. 1, 1-1).

After consideration of Plaintiff's affidavit of indigency, I find that Plaintiff meets the financial requirements for IFP status and **GRANT** her request to proceed IFP pursuant to 28 U.S.C. § 1915(a).  However, the Court must also determine whether Plaintiff's proposed complaint is frivolous and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2)[1]; Neitzke v. Williams, 490 U.S. 319, 324 (1989).  A

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides that a federal court shall dismiss an IFP complaint if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a

complaint is frivolous if "it lacks an arguable basis either in law or in fact," <u>Neitzke</u>, 490 U.S. at 327, or "if the 'plaintiff's realistic chances of ultimate success are slight.'" <u>Clark v. State of Ga. Pardons and Paroles Bd.</u>, 915 F.2d 636, 639 (11th Cir. 1990) (quoting <u>Moreland v. Wharton</u>, 899 F.2d 1168, 1170 (11th Cir. 1990)).

### Discussion

In her complaint, Plaintiff alleges that a state court eviction action apparently taking place in the Magistrate Court of Gwinnett County is in violation of an automatic bankruptcy stay, pursuant to 11 U.S.C. § 362, associated with Plaintiff's bankruptcy action filed in the Bankruptcy Court for the Northern District of Georgia, Case No. 18-63905-LRC.  (Doc. 1-1 at 2).  Plaintiff seeks a declaratory judgment regarding her alleged possessory rights to the "property," which she does not identify by address or description.

In a separate action that Plaintiff filed in this Court, Case No. 1:18-cv-05022-ODE, on October 31, 2018, Plaintiff sought to remove the Gwinnett County dispossessory proceeding for past due rent (Case No. 18M26274) to this Court on the basis of federal question jurisdiction.  A Final Report and Recommendation has been issued in that removal case, recommending that the case be remanded to state court

---

defendant who is immune from such relief.  For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is "without arguable merit either in law or fact."  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002).

AO 72A
(Rev.8/8
2)

pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  (Doc. 3, Case No. 1:18-cv-05022-ODE).

A review of the docket in Plaintiff's bankruptcy action indicates that on August 30, 2018, Plaintiff's landlord, Long Sheng, for the premises located at 1550 Racquet Club Drive, in Lawrenceville, Georgia, 30043 (the "Property") moved the Bankruptcy Court for relief from the automatic stay under 11 U.S.C. § 362.  (Doc. 29, Order, Case No. 18-63905-LRC).  Sheng represented to the Court that Plaintiff had failed to cure the pre-petition arrearage and failed to pay the post-petition rent when due.  (Id.). A hearing was held on October 11, 2018, at which the arguments of Plaintiff and Sheng's counsel were heard.  On October 15, 2018, after due consideration, the Bankruptcy Court issued an order granting Sheng's motion and modifying the automatic stay to the extent necessary for Sheng to commence and/or complete dispossessory proceedings against Plaintiff pursuant to applicable state law. (Id.). The Bankruptcy Court docket does not reflect that any objections to the Order were filed.

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be construed liberally, a

3

*pro se* complaint still must state a claim upon which the Court can grant relief."
<u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

Having reviewed the complaint filed in the current action and Plaintiff's request for a declaratory judgment regarding her alleged possessory rights, I find that Plaintiff's allegations are moot and/or without legal basis in light of the Bankruptcy Court's most recent Order and this Court's finding of no subject matter jurisdiction over Plaintiff's attempted removal of the dispossessory proceeding filed by Long Sheng in the Magistrate Court of Gwinnett County.

To the extent that Plaintiff's complaint seeks to enjoin already docketed state court eviction proceedings, this court is prohibited from enjoining such proceedings pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283.  That Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  <u>See</u> <u>Phillips v. Chas. Schreiner Bank</u>, 894 F.2d 127, 131-32 (5th Cir. 1990) (finding that Anti-Injunction Act prohibited federal court from issuing a preliminary injunction that interfered with state court foreclosure proceedings pending at the time of the injunction); <u>Ungar v. Mandell</u>, 471 F.2d 1163, 1165 (2d Cir. 1972) (finding that Anti-Injunction Act prohibited a preliminary injunction which would have prevented the

4

sale of property previously the subject of a state foreclosure proceeding).  From the allegations in Plaintiff's complaint, none of the three exceptions stated in the Anti-Injunction Act appear to be applicable here.  <u>Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs</u>, 398 U.S. 281, 287 (1976) (stating that the Anti-Injunction Act "cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding.").

Declaratory relief is appropriate when it is necessary to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct."  <u>Henderson v. Alverson</u>, 217 Ga. 541, 123 S.E.2d 721 (1962) (italics added); <u>see also</u> <u>Sullivan v. Div. of Elections</u>, 718 F.2d 363, 365 (11th Cir. 1983)(citation omitted) (stating that a "district court can grant declaratory relief only if there is 'a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests.'").  Here, Plaintiff has not alleged any future act or conduct about which there is uncertainty.  The Bankruptcy Court has issued an order modifying the automatic bankruptcy stay, and Plaintiff's landlord has filed a dispossessory action in state court in accordance with that Order.  Plaintiff has failed to show that she is entitled to declaratory relief.

## Conclusion

For the reasons stated, I **RECOMMEND** that this action be **DISMISSED**

AO 72A
(Rev.8/8
2)

**without prejudice** as frivolous.  Plaintiff's request to proceed IFP is **GRANTED**

solely for purposes of dismissal.

　　　　**IT IS SO ORDERED AND RECOMMENDED**, this 5th day of November,

2018.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

6

AO 72A
(Rev.8/8
2)